IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

STANLEY BOOKER, Conservator for the )
Estate of CARSON BOOKER, a minor, )
STANLEY BOOKER and TARA BOOKER, )
individually, )
)
Plaintiffs, )
) Case No. **1:04CV0753**
v. )
) **Gordon J. Quist**
ABBOTT LABORATORIES, INC., ) **U.S. District Judge**
a Delaware corporation, )
)
Defendant. )

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Abbott Laboratories, Inc. ("Abbott"), by its counsel and pursuant to 28 U.S.C. § 1441, hereby removes the above-captioned action to this Court and states the following:

1. On October 5, 2004, plaintiffs commenced a civil action against Abbott in the Circuit Court for Lake County, Michigan. That action was assigned Case No. 04-6403.

2. Abbott was served with a copy of the Summons and Complaint on October 13, 2004. (Copies of all process, summons, and pleadings served upon Abbott are attached collectively hereto as Exhibit 1.)

3. Plaintiffs Stanley Booker, Tara Booker, and Carson Booker (whose claims are brought on his behalf by his father Stanley Booker) are citizens of the State of Michigan. (See Compl. ¶¶ 1-3, attached as part of Exhibit 1.)

4. Abbott is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in the State of Illinois.

5. In their Complaint, plaintiffs allege that Carson Booker, who was born on June 16, 2003, suffered numerous injuries as a result of being fed Similac® infant formula, a product

manufactured and sold by Abbott, that was contaminated with certain bacteria. (See Compl. ¶¶ 8-24, 31, 35, 39.) Plaintiffs further allege that Carson Booker's parents, Stanley and Tara Booker, have suffered injuries as a result of the injuries allegedly suffered by their son. (See id.)

6. Plaintiffs' Complaint does not contain an express *ad damnum*. In such cases, the exercise of federal diversity jurisdiction is proper where "a probability exists that the amount in controversy exceeds the federal requirement or that it could exceed the federal requirement," which is $75,000. National Nail Corp. v. Moore, 139 F. Supp. 2d 848, 849 (W.D. Mich. 2001) (citing Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)). In making such a determination, courts are free to consider the allegations in the complaint and in defendant's notice of removal. See, e.g., National Nail Corp., 139 F. Supp. 2d at 849. Applying these guidelines, courts should refuse to exercise diversity jurisdiction "[o]nly where it appears *to a legal certainty* that the claim is really less than the jurisdictional amount." Lodal, Inc. v. Home Ins. Co. of Illinois, No. 95-2187, 1998 WL 393766, at *2 (6th Cir. June 12, 1998) (emphasis added) (a copy of this decision is attached hereto as Exhibit 2).

7. In this case, plaintiffs' Complaint alleges that as a result of Carson Booker's ingestion of purportedly contaminated Similac® infant formula, Carson Booker suffered severe neurological injuries, including:

> near total destruction of the right hemisphere of his brain and frontal and occipital lobe tissue loss in his left hemisphere. Neurology anticipated that Carson would experience severe developmental delays and motor impairment as well as persistent predisposition to seizures and evolving spasticity. Speech and language pathology evaluations found Carson to have severely impaired oral motor skills . . . .

(Compl. ¶ 24.)

8. As a result of these injuries, plaintiffs contend that Carson Booker has incurred and will continue to incur:

> future economic damages including, but not limited to, past and future significant medical expenses, including expenses for attendant care and medical treatment, and will suffer loss of earnings and/or the capacity to earn. Plaintiff Carson Booker has also sustained as a result of the wrongful conduct of Defendant, noneconomic loss including, but not limited to past and future, [sic] pain, suffering, anguish, debilitation, disability, humiliation, mortification, and emotional distress, all of which are claimed as damages.

(Id. ¶¶ 35, 39.)

9. Carson Booker's parents, plaintiffs Stanley and Tara Booker, also claim injuries relating to loss of consortium, society and companionship, payment for medical and life care expenses and future loss of services. (Id.)

10. For all of these alleged injuries, plaintiffs seek damages in an amount in excess of $25,000. (Id. ¶¶ 36, 40.)

11. Given these allegations, there is no doubt that "a probability exists that the amount in controversy exceeds the federal requirement" of $75,000. National Nail Corp., 139 F. Supp. 2d at 849. Certainly, the Complaint and defendant's removal papers do not establish "*to a legal certainty* that the claim is really less than the jurisdictional amount." Lodal, Inc., 1998 WL 393766, at *2 (emphasis added).

12. As the foregoing demonstrates, there is complete diversity among the parties and the amount in controversy is at least $75,000, exclusive of interests and costs. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days of Abbott's receipt of plaintiff's Complaint.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to plaintiffs through their counsel and to the Clerk of the Circuit Court for Lake County, Michigan.

Dated: November 10, 2004

Respectfully Submitted,

*Thomas F. Koernke*
Thomas F. Koernke
Koernke & Crampton, PC
The Boardwalk, Suite 250
940 Monroe Avenue NW
Grand Rapids, Michigan 49503
Telephone: (616) 458-7900
Facsimile: (616) 458-7997

Attorneys for Defendant
ABBOTT LABORATORIES, INC.

Of Counsel:

June K. Ghezzi
Joseph P. Shereda
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585