# 1

RECEIVED OCT 13 2004

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>51st JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>04- 6403 -NP |
|---|---|---|

Court address
304 E. Ludington Avenue, Ludington, MI 49431

Court telephone no.
(231) 843-8202

| Plaintiff name(s), address(es), and telephone no(s). | v | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| STANLEY BOOKER, Conservator for the Estate of CARSON BOOKER, a Minor, STANLEY BOOKER, and TARA BOOKER, individually<br>9633 East U.S. 10<br>Chase, MI 49623 | | ABBOTT LABORATORIES, INC., a Delaware corporation<br>c/o Jeffrey M. Leiden, MD-President<br>100 Abbott Park Road<br>Abbott Park, IL 60064<br><br>-and-<br><br>c/o CT Corporation System<br>208 SO LaSalle, Street, Suite 814<br>Chicago, IL 60604-1101 |
| Plaintiff attorney, bar no., address, and telephone no.<br>S. JAY AHMAD (P43206)<br>Ishbia & Gagleard, P.C.<br>251 Merrill Street, 2nd Floor<br>Birmingham, MI 48009<br>(248) 647-8590 | | |

FILED CIRCUIT COURT 2004 OCT -5 A 10:08

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 10-5-04 | 1-4-05 | Cherie M Sable |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** ***Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.***

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint/

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| City of Chase, County of Lake, State of Michigan | City of Abbott Park, County of Lake, State of Illinois |
| Place where action arose or business conducted<br>City of Chase, County of Lake, State of Michigan | |

09/20/2004
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LAKE

STANLEY BOOKER, Conservator for the Estate of CARSON BOOKER, a minor, STANLEY BOOKER and TARA BOOKER, individually,

Plaintiffs,

Hon.
Case No. 04-6403 -NP

v.

ABBOTT LABORATORIES, INC., a Delaware corporation,

Defendant.

______________________________/

ISHBIA & GAGLEARD, P.C.
By: S. Jay Ahmad (P43206)
251 Merrill Street, 2nd floor
Birmingham, MI 48009
(248) 647-8590

______________________________/

There is not at this time, nor has there ever been, any other pending action between the parties arising out of the same transaction or occurrence alleged in this Complaint.

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES PLAINTIFF, STANLEY BOOKER, as Conservator for the Estate of CARSON BOOKER, a minor, through counsel, Ishbia & Gagleard, P.C., and for his Complaint against Defendant Abbott Laboratories, Inc., states as follows:

1. That Plaintiff, Stanley Booker, is the duly appointed conservator for the estate of Carson Booker, a minor, and is the natural father of Carson Booker.

2. That Plaintiff Tara Booker is the natural mother of Carson Booker and wife of Stanley Booker.

ISHBIA & GAGLEARD, P.C.
ATTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
BIRMINGHAM, MI 48012-1899
(248) 647-8590

3. That Stanley Booker, Tara Booker and Carson Booker, at all relevant times herein, did reside in the City of Chase, County of Lake, State of Michigan.

4. That Abbott Laboratories, Inc., at all relevant times herein, was and is a Delaware corporation, and has serving as it's President Jeffrey M. Leiden, MD, 100 Abbott Park Road, Abbott Park, Illinois, 60064; and has serving as it's registered agent CT Corporation System, 208 SO LaSalle Street, Suite 814, Chicago, Illinois, 60604-1101.

5. That the amount in controversy is in excess of $25,000.00

6. After an uneventful 36 week pregnancy, Tara Booker's water broke prematurely at 5:20 a.m. on June 15, 2003. She was examined at Mecosta County General Hospital ("MCGH") and admitted at 6:28 a.m. Cytotec was administered throughout the day to facilitate labor.

7. On June 16, 2003, Pitocin was administered to induce labor. Once labor began, Ampicillin was also administered because a Group B Streptococcus screen hadn't previously been administered.

8. On June 16, Carson Booker was born via spontaneous vaginal delivery. No abnormalities were noted and Carson received an APGAR of 8 and 9 at one and five minutes. Both Tara and Carson tolerated the delivery well and experienced no complications.

9. Post-partem testing showed Tara to be negative for Group B Strep.

10. Carson was circumcised and received a Hepatitis B vaccine while in the hospital.

-IBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
MINGHAM, MI 48012-1899
(248) 647-8590

11. During his stay at MCGH, Carson was bottle fed liquid concentrate formula. On June 18, 2003, Tara and Carson were discharged home with 12 bottles of Similac Advanced Ready Feed Formula, manufactured by Defendant, and provided by the hospital. Both were in good health.

12. Carson consumed the ready feed formula from the hospital from June 18, 2003 until it ran out on June 20, 2003. Tara then began feeding Carson using an 8 oz canister of Similac Advance powder formula.

13. She prepared Carson's bottles by boiling the nipples and bottles before each use, inserting disposable Playtex liners, and then mixing the powder with warmed distilled water according to the directions on the Similac canister.

14. Carson did not appear to tolerate the powder formula well and occasionally vomited the formula. On June 23, 2003, Tara brought Carson for his one week check-up and discussed her concerns regarding Carson's feedings with the doctor.

15. On June 24, 2003, Carson returned to the doctor due to projectile vomiting and possible breathing difficulties. Tara states she was advised to switch to Similac with Iron liquid concentrate.

16. Tara immediately began feeding Carson the Similac with Iron liquid concentrate which was provided by the Lake County WIC program. WIC dispensed a total of 12 cans of the liquid concentrate in lots of six 13 oz cans on June 19, 2003 and again on June 26, 2003. Both times the formula was dispensed to Carson's grandmother.

HBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
IERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
RMINGHAM, MI 48012-1899
(248) 647-8590

17. Tara prepared the formula by mixing the Similac concentrate and distilled bottled water in a pitcher in the manner directed on the can label before pouring the mixture into boiled Playtex bottles with single use liners. One prepared can of formula would make approximately one day's worth of feedings. Carson appeared to better tolerate the liquid formula and seemed to be doing well.

18. On the morning of June 28, 2003, Tara mixed a pitcher of formula as described above and prepared three bottles from the batch. She immediately fed one bottle to Carson. Later that day at approximately 1:30 p.m., Carson ate 2 oz of formula from the second bottle and then went to sleep. At 3:30 p.m. he woke with a wet diaper. Tara noticed that he was fussy, whiny, and "not himself". Carson would not open his eyes when she spoke to him or suck when she attempted to feed him around 4:00 p.m.

19. As the baby continued to be irritable and lethargic, Tara's concern grew until finally she contacted an MCGH on-call nurse, who advised them to seek care at an emergency room. At 6:00 p.m., the family took Carson to the nearest emergency department at Spectrum Health Reed City hospital.

20. They could not be immediately seen and were told that they would have to wait an indefinite amount of time. Unwilling to wait, the family left and sought care at MCGH.

21. By the time they arrived at MCGH, Carson was having apneic episodes every one to five minutes and had to be continually physically stimulated

HBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
IMINGHAM, MI 48012-1899
(248) 647-8590

to restart his respiration. Due to his altered mental status, apneic episodes and the need to rule out sepsis, MCGH transferred Carson by ambulance to the pediatric intensive care unit at DeVos Children's Hospital ("DeVos").

22. Testing at DeVos revealed that Carson had severe bacterial meningitis caused by *Enterobacter sakazakii*. Carson was admitted and aggressively treated for the infection, however, his condition quickly deteriorated. Carson began seizing and a CT scan of his brain showed severe bilateral infarctions involving all of the right hemisphere and much of the left. An MRI showed extensive swelling throughout Carson's brain. The doctors treating Carson began preparing his parents for the worst. It was doubted Carson would survive, but if he did, they felt he would be left with permanent, severe neurological impairment.

23. Carson's parents were asked to bring in the remainder of the prepared formula that Carson ate on the day of his hospital admission. The uneaten prepared formula tested positive for *Enterobacter cloacae* and *Enterobacter sakazakii*. Carson's pediatric infectious diseases physician then requested that the family bring in all of Carson's feeding supplies and implements for testing, which they did.

24. An MRI done on Carson on July 7, 2003 revealed near total destruction of the right hemisphere of his brain and frontal and occipital lobe tissue loss in his left hemisphere. Neurology anticipated that Carson would experience severe developmental delays and motor impairment as well as persistent predisposition to seizures and evolving spasticity. Speech and language

IBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
MINGHAM, MI 48012-1899
(248) 647-8590

pathology evaluations found Carson to have severely impaired oral motor skills and prescribed inpatient rehabilitation to improve his oral feeding skills.

25. An upper GI study revealed that Carson's anatomy is normal but he continued to experience reflux and had difficulty making the transition from tube feeding to oral feeding. On July 15, 2003, Carson was transferred from DeVos to Mary Free Bed Hospital, where he received inpatient rehabilitation for oral feeding while completing his course of antibiotics.



26. DeVos contacted the Michigan Departments of Agriculture and Community Health and disclosed their findings regarding the *Enterobacter* bacteria in Carson's formula. All of Carson's formula and feeding supplies were forwarded to the state laboratory except for the can that the Enterobacter contaminated formula was prepared from; the hospital cannot locate it. The state's laboratory confirmed the hospital's testing results and in addition, found *Enterobacter* contamination of the powdered Similac Advanced formula which Carson had consumed from June 20th to June 24th.

27. Carson began displaying seizure-like symptoms again and was returned to DeVos for evaluation of his condition.

**COUNT I - NEGLIGENCE**

28. Plaintiffs incorporate by reference all of the preceding allegations as if fully set forth herein.

HBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
MINGHAM, MI 48012-1899
(248) 647-8590

29. Defendant Abbott Laboratories, Inc., a Delaware corporation, licensed to do business in the State of Michigan, engaged, inter alia, in the business of manufacturing, distributing, and selling certain infant formula products, including the Similac formulas consumed by Carson Booker, to members of the general public.

30. On and for a long time prior to the aforementioned dates, Abbott Laboratories owned, maintained, and controlled a production facility in the County of Pinal, City of Casa Grande, and State of Arizona, where certain infant formula products, including Similac Advance Infant Formula with Iron, were manufactured, processed, and otherwise prepared for sale and consumption by members of the general public, including Carson Booker and his family. .

31. On and for a period of time after the aforementioned date, the Defendant manufactured, processed, and otherwise prepared for distribution and sale infant formula products and a certain brand of product known as Similac Advance Infant Formula with Iron, at its Costa Grande, Arizona facility. That product was contaminated with *Enterobacter sakazakii, Enterobacter cloacae, Bacillus species, and Staphylococcus species.*

32. A product contaminated with *Enterobacter sakazakii, Enterobacter cloacae, Bacillus species,* and *Staphylococcus species* which was produced at the Defendant's facility, was distributed to and sold to stores located throughout the State of Michigan and surrounding states, to

ɁBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
ɁMINGHAM, MI 48012-1899
(248) 647-8590

members of the public, including the Bookers, who consumed that product in a manner intended by the Defendant at the time of its sale.

33. At the time the contaminated products consumed by Carson Booker were produced, distributed, and sold by the Defendant, it was the duty of the Defendant to exercise reasonable care and caution in the production of its products and in the subsequent distribution and sale of those products to members of the general public to insure that those products were safe, wholesome, and otherwise fit for human consumption.

34. Notwithstanding the aforementioned duty, the defendant did then and there commit one or more of the following acts of negligence:

a. Carelessly and negligently failed to properly maintain the production facility in that during the production process the products were allowed to become contaminated with *Enterobacter sakazakii, Enterobacter cloacae, Bacillus species, and Staphylococcus species.*

b. Carelessly and negligently failed to monitor the production of its product although it knew or should have known of the existence of the contamination.

c. Carelessly and negligently offered for sale to members of the general public products contaminated with *Enterobacter sakazakii, Enterobacter cloacae, Bacillus species, and Staphylococcus species.*

BIA & GAGLEARD, P.C.
IRNEYS AND COUNSELORS
:RRILLWOOD BUILDING
151 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
IINGHAM, MI 48012-1899
(248) 647-8590

    d. Carelessly and negligently failed to shut down its production facility although it knew or should have known of the existence of the contamination.

e. Carelessly and negligently failed to warn members of the general public of the contamination in their products as heretofore described.

f. Carelessly and negligently failed to warn members of the general public that their products were not sterile and pose an unreasonable danger to the infants that would be consuming them.

g. Carelessly and negligently failed to properly instruct customers purchasing Similac on methods of preparation that would avoid consumption of contaminated product.

35. Through ingestion of the product, and the negligence and breach of implied warranty of the Defendant, Plaintiff Carson Booker was caused to sustain severe and permanent injury, has incurred and will incur in to the future economic damages including, but not limited to, past and future significant medical expenses, including expenses for attendant care and medical treatment, and will suffer loss of earnings and/or the capacity to earn. Plaintiff Carson Booker has also sustained as a result of the wrongful conduct of Defendant, noneconomic loss including, but not limited to past and future, pain, suffering, anguish, debilitation, disability, humiliation, mortification, and emotional distress, all of which are claimed as damages. Plaintiffs Stanley and Tara Booker, as the natural parents of Carson Booker have sustained damages, in the past and will continue to

-IBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
MINGHAM, MI 48012-1899
(248) 647-8590

sustain in the future, in their individual capacities including, but not limited too, loss of consortium, society and companionship, payment for medical and life care expenses both in the past and in to the future, and future loss of services.

36. That this court has jurisdiction as a result of the injuries and damages sustained by Plaintiffs in that the amount in controversy herein exceeds $25,000.00, exclusive of interest and costs.

WHEREFORE, the above named Plaintiffs herein, Stanley Booker, Tara Booker, individually, and Stanley Booker, as Conservator of the Estate of Carson Booker, by and through their attorneys, Ishbia & Gagleard, P.C., pray for judgment against Defendant herein, any and all of them, jointly and severally, in whatever amount the jury determines to be fair, just and reasonable, together with all allowable attorney fees, costs and/or interest.

**COUNT II - BREACH OF IMPLIED WARRANTY**

37. The Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs numbered 1 through 36 as if fully set forth herein.

38. At all times hereinafter mentioned, Defendant, as a manufacturer of a product for sale to consumers in the state of Michigan, owed a duty to Plaintiff's herein, both at common law and by Statute, to introduce into the stream of commerce a product that was reasonably fit for the purpose and use intended or reasonably foreseeable by Defendant, and that Defendant breached such common law and statutory duties in the following particulars:

ISHBIA & GAGLEARD, P.C.
TORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
RMINGHAM, MI 48012-1899
(248) 647-8590

  a. Introducing into the stream of commerce, selling, and/or manufacturing a product, to wit, Similac baby formula, contaminated with *Enterobacter sakazakii, Enterobacter cloacae, Bacillus species, and Staphylococcus species.*

b. Failing to warn members of the general public, including Plaintiffs herein, of the contamination in their products as heretofore described.

c. Failing to warn members of the general public, including Plaintiff herein, that their products were not sterile and pose an unreasonable danger to the infants that would be consuming them.

d. Failing to properly instruct customers purchasing Similac on methods of preparation that would avoid consumption of contaminated product.

39. Through ingestion of the product, and the negligence and breach of implied warranty of the Defendant, Plaintiff Carson Booker was caused to sustain severe and permanent injury, has incurred and will incur in to the future economic damages including, but not limited to, past and future significant medical expenses, including expenses for attendant care and medical treatment, and will suffer loss of earnings and/or the capacity to earn. Plaintiff Carson Booker has also sustained as a result of the wrongful conduct of Defendant, noneconomic loss including, but not limited to past and future, pain, suffering, anguish, debilitation, disability, humiliation, mortification, and emotional distress, all of which are claimed as damages. Plaintiffs Stanley and Tara Booker, as the natural parents of

HBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
MINGHAM, MI 48012-1899
(248) 647-8590

Carson Booker have sustained damages, in the past and will continue to sustain in the future, in their individual capacities including, but not limited too, loss of consortium, society and companionship, payment for medical and life care expenses both in the past and in to the future, and future loss of services.

40. That this court has jurisdiction as a result of the injuries and damages sustained by Plaintiffs in that the amount in controversy herein exceeds $25,000.00, exclusive of interest and costs.

WHEREFORE, the above named Plaintiffs herein, Tara and Stanley Booker individually, and Stanley Booker, as conservator of the estate of Carson Booker, by and through their attorneys, Ishbia & Gagleard, P.C., prays for judgment against Defendant herein, any and all of them, jointly and severally, in whatever amount the jury determines to be fair, just and reasonable, together with all allowable attorney fees, costs and/or interest.

Respectfully submitted,

ISHBIA & GAGLEARD, P.C.

Date: September 20, 2004

BY: ______________________

S. Jay Ahmad (P43206)
Michael Gagleard (P24797)
Attorneys for Plaintiff
251 Merrill Street, 2nd Floor
Birmingham, MI 48009
(248) 647-8590

HBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
IERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
RMINGHAM, MI 48012-1899
(248) 647-8590

## DEMAND FOR JURY TRIAL

NOW COMES the above named Plaintiffs herein, Stanley Booker, Conservator for the Estate of Carson Booker, a minor, Stanley Booker and TARA BOOKER,

individually, by and through their attorney's Ishbia & Gagleard, P.C., and hereby makes formal demand for a trial by jury of the facts and issues involved in this action.

Respectfully submitted,

ISHBIA & GAGLEARD, P.C.

Date: September 20, 2004

BY: ______________________

S. Jay Ahmad (P43206)
Michael Gagleard (P24797)
Attorneys for Plaintiff
251 Merrill Street, 2nd Floor
Birmingham, MI 48009
(248) 647-8590

F:\DATA\BOOKER\Pleadings\FinalComplaint.wpd

HBIA & GAGLEARD, P.C.
ORNEYS AND COUNSELORS
ERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
RMINGHAM, MI 48012-1899
(248) 647-8590