# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**STANLEY BOOKER**, Conservator for the Estate
of **CARSON BOOKER**, a minor, **STANLEY BOOKER**
and **TERA BOOKER**, individually,

      Plaintiffs,
                                Case No. 1:04-cv-753
                                Hon.  Gordon J. Quist

v.

**ABBOTT LABORATORIES, INC**., a Delaware
corporation,

      Defendant.

| | |
|---|---|
| **ISHBIA & GAGLEARD, P.C.** | **KOERNKE & CRAMPTON, P.C.** |
| Michael A. Gagleard (P24797) | Thomas F. Koernke (P26205) |
| S. Jay Ahmad (P43206) | The Boardwalk |
| Attorneys for Plaintiff | 940 Monroe Ave NW, Suite 250 |
| 251 Merrill Street, 2nd Floor | Grand Rapids, MI 49503 |
| Birmingham, MI 48009 | (616) 458-7900/(616) 458-7997 fax |
| (248) 647-8590/(248) 647-8596 fax | |
| | **JONES DAY** |
| | Joseph P. Shereda, Esq. |
| | June K. Ghezzi, Esq. |
| | 77 W. Wacker Dr., Ste 3500 |
| | Chicago, IL 60601 |
| | (312) 269-4585 |

## ORDER FOR APPROVAL OF AND AUTHORITY TO SETTLE PERSONAL INJURY CLAIM, ORDER FOR APPROVAL OF AND REIMBURSEMENT OF LITIGATION COSTS AND/OR EXPENSES, ORDER FOR APPROVAL OF AND THE PAYMENT OF ATTORNEY FEES, ORDER FOR APPROVAL OF AND PAYMENT OF PARTIAL SETTLEMENT PROCEEDS TO STANLEY BOOKER AND TERA BOOKER, INDIVIDUALLY, ORDER FOR APPROVAL OF AND ORDER TO PAY MEDICAID LIEN, ORDER FOR THE ESTABLISHMENT OF AN INTER VIVOS IRREVOCABLE DISABILITY TRUST PURSUANT TO 42 U.S.C. § 1396p (d)(4)(A), AND ORDER FOR PLACEMENT OF NET SETTLEMENT PROCEEDS INTO SAID TRUST

At a session of said Court held in the
City of Grand Rapids, County of Kent_____,
State of Michigan, on December 21. 2005

PRESENT: HON. Gordon J. Quist
                    U.S. DISTRICT COURT JUDGE

This matter, having come to the Court's attention by way of the Conservator's Motion for

Approval of and Authority to Settle Personal Injury Claim et al, the Parties, after extensive

negotiating, having achieved an amicable compromise of this matter, the Parties having

appeared before this Court, and a hearing having been conducted in this matter, in part, in-camera, with regard to the confidential nature of the proposed settlement, with testimony having been taken before this Court, all Parties having been notified of said hearing, the Court having appointed a Guardian Ad Litem on behalf of the protected minor and receiving the recommendations of the Guardian Ad Litem for and/or on behalf of Carson Hunter Booker, with the Court further making private inquiry of the Parties given the confidential nature of the proposed settlement, the terms of which have been fully set forth for the Court, and with the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED that the Conservator's Motion for Approval of and Authority to Settle Personal Injury Claim et al, **BE, AND THE SAME IS HEREBY GRANTED**;

IT IS FURTHER ORDERED that the settlement proposed by and between the Parties, the terms of which have either been set forth on the record before this Court or have otherwise been provided to the Court by way of the confidential nature of the proceeding being held in-camera with the Court, **IS HEREBY APPROVED BY THIS COURT**, the Court expressly finding that the settlement is in the best interest of the protected minor, Carson Hunter Booker, as it creates a trust to hold the proceeds allocated for his benefit;

IT IS FURTHER ORDERED that Stanley Booker, as Conservator of the Estate of Carson Hunter Booker, protected minor, is hereby authorized to and given full authority to settle this personal injury claim on behalf of the protected minor, and that the Conservator is further authorized to execute a release and settlement agreement and all settlement paperwork related thereto on behalf of the protected minor in order to effectuate the settlement of this personal injury claim;

IT IS FURTHER ORDERED that an irrevocable trust with discretionary provisions shall be established by authority of this Court as authorized by 42 U.S.C. § 1396p(d)(4)(A) for the benefit of Carson Booker, known as the "CARSON BOOKER IRREVOCABLE TRUST, dated December 8, 2005", to receive the net proceed from the settlement of his claims;

**IT IS FURTHER ORDERED** that Stanley Booker and Tera Booker, together with an Independent Trustee to be determined are appropriate as the Co-Trustees of the CARSON BOOKER IRREVOCABLE TRUST established pursuant to the terms of this Order, and in that capacity, they are authorized to receive the net proceeds from the settlement of Carson Booker's claims and to sign such documents as are necessary to effect this Order and establish such a trust;

**IT IS FURTHER ORDERED** that Carson Booker, a minor and disabled as defined in the Social Security Act § 1614(a)(3), 42 U.S.C. § 1382c(3), shall not receive any proceeds from the settlement of this case;

**IT IS FURTHER ORDERED** that Stanley Booker and Tera Booker shall effectuate the terms of this Order by executing the Trust Agreement established for the benefit of Carson Booker as his parents, for and on behalf of this Court;

**IT IS FURTHER ORDERED** the "CARSON BOOKER IRREVOCABLE TRUST, dated December 8, 2005", shall be registered with the Lake County Probate Court, or other suitable Probate Court selected by the Trustees, and administered in accordance with the orders of that Court;

**IT IS FURTHER ORDERED** that this approved settlement between the Parties is full and final, and that a separate order will be entered hereby dismissing this matter with prejudice and without the payment of costs, interest, attorney fees and/or sanctions as against any Party to this action;

**IT IS FURTHER ORDERED** that given the confidential nature of the settlement entered into between the Parties, that there shall be no disclosure by Plaintiffs or any representatives of Plaintiff, of the terms of the settlement to any person or entity other than the Parties, their attorneys, their accountants, taxing authorities, appropriate court officials, or any such persons that are required to deal with the financial aspects of this settlement for and/or on behalf of the

Conservator for and/or on behalf of the protected minor, Carson Hunter Booker;

**IT IS FURTHER ORDERED** that Defendant Abbott Laboratories specifically denies liability in this matter and has settled this claim only to avoid the uncertainties of future litigation and the expenditure of costs associated with continued litigation of Plaintiff's claims;

**IT IS FURTHER ORDERED** that this Court does approve of and certify that the costs for this recovery are reasonable and necessary for the prosecution of this case on behalf of Carson Booker, and that the law firm of Ishbia & Gagleard, P.C. shall be reimbursed and paid for its litigation costs and/or expenses, as requested to the Court as part of the confidential proceedings held by this Court, and that the same shall be paid forthwith;

**IT IS FURTHER ORDERED** that this Court does approve of and certify that the attorney fees for this recovery are reasonable and necessary for the prosecution of this case on behalf of Carson Booker, and that the law firm of Ishbia & Gagleard, P.C. shall be paid attorney fees as requested to the Court as part of the confidential proceedings held by this Court, which attorney fees constitute one-third (1/3) of the net amount once litigation costs and expenses have been deducted, and that the same shall be paid forthwith;

**IT IS FURTHER ORDERED** that Guardian Ad Litem fees and costs of Two Thousand Three Hundred Thirty-Eight ($2,338.32) Dollars for services rendered in connection with his duties and functions as Guardian Ad Litem as appointed by the Court are reasonable and necessary and in Carson Booker's best interest and shall be paid to David M. Murkowski of Dilley, Dilley, Murkowski, Goller, P.L.L.C., from the funds allocated for the benefit of Carson Booker;

**IT IS FURTHER ORDERED** that legal fees and costs of Three Thousand Five Hundred ($3,500.00) Dollars for services rendered in connection with the preparation of the trust agreement for Carson Booker are reasonable and necessary and in Carson Booker's best interest and shall be paid to Mary T. Schmitt Smith, of The Theresa Law Center, from the funds

allocated for the benefit of Carson Booker;

**IT IS FURTHER ORDERED** that this Court does approve of and certify that the lien that the State of Michigan, Michigan Department of Community Health and/or Human Services, through the offices of the Department of Attorney General who has been representing the Department of Community Health and/or Human Services, with regard to a lien for the Medicare/Medicaid program pursuant to state statute, Section 106 of the Social Welfare Act, MCLA 400.106; MSA 16.490(16), shall be paid in the amount that has been agreed upon between the Conservator and the Attorney General's Office, said payment being made in full and final settlement and satisfaction of any and/or all payments made by Medicare/Medicaid and by the Children's Special Health Care Services on behalf of Carson Booker from the proceeds allocated for his benefit and any and all Medicare/Medicaid liens, as referenced, the details of this settlement having been provided to the Court as part of the confidential nature of the settlement entered into by and between the Parties;

**IT IS FURTHER ORDERED** that Stanley and Tera Booker together shall receive an undisclosed amount from the settlement proceeds in compensation for their individual claims in the above entitled action, such amount having been approved by the Guardian Ad Litem, the amount specifically defined in the report of the Guardian Ad Litem which has been filed under seal, and determined during the hearing on this motion to be a fair and reasonable distribution to Stanley and Tera Booker, as the parents of Carson Booker, for their damages and loss;

**IT IS FURTHER ORDERED** that as to the net remainder of the settlement proceeds, same shall be placed into a discretionary inter vivos irrevocable disability trust created to comply with 42 U.S.C. § 1396p(d)(4)(a), and to otherwise be known as the "CARSON BOOKER IRREVOCABLE TRUST dated December 8, 2005.

/s/Gordon J. Quist
_____
U.S. DISTRICT COURT JUDGE

˘5˘